**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| CORDELIUS BROWN ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | Case Action File No. |
| TitleMax of Georgia, Inc., ) | 4:22-cv-00082-WTM-CLR |
| Insurance Auto Auction of ) | |
| Savannah, Greg Ludwig, Frank ) | |
| Chisholm known as Kip, Steve ) | |
| Thomas, Nathaniel Anderson, Erin ) | |
| Fritts, Carley Bragg, Jason Broce, ) | |
| Clay Alexander real name Clayton ) | |
| Hall known as Clay, Kelly ) | |
| Cummings, Tracy Young, and ) | |
| Doe 1-5, ) | |
| ) | |
| *Defendants.* ) | |

<u>**DECLARATION OF KARL GROTHEER IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO**</u>
<u>**DISMISS, OR IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS**</u>

I, Karl Grotheer, voluntarily make the following declaration subject to the

laws of perjury in accordance with the provisions of 28 U.S.C. § 1746 as follows:

1.     I am an employee of TMX Finance Corporate Services, Inc. ("TMX

FCS"), which provides various corporate services, specifically including human

resources services, to various affiliated entities. I am employed in the position of

Senior Director Human Capital Operations & Technology, and in this role, I

provide Human Resource Information System, or HRIS, services to the several

affiliates of TMX FCS, specifically including TitleMax of Georgia, Inc. ("TitleMax") (collectively, the "Company"). I make this declaration in support of Defendants' Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay the Proceedings. I know the facts set forth in this declaration to be true based on my own personal knowledge and/or based on my review of business records that TMX FCS maintains in the ordinary course of business. If called as a witness, I could and would testify competently as to the matters set forth in this declaration.

2.      I have been employed in this position by TMX FCS or an affiliate since October 2015. My duties require me to be familiar with the Company's HRIS practices and policies. I am also familiar with the electronic systems used by the Company, and specifically TitleMax, for new employee onboarding, to conduct employee trainings, and the electronic review and execution of employment-related documents.

### TitleMax's Onboarding Program

3.      TitleMax requires all new employees to complete an onboarding process.

4.      The onboarding process was, until approximately December 2021, conducted within our internal employee database, UltiPro.[1] Employees were (and

---

[1] Since this time, these processes have been handled within "Oracle." Also, UltiPro is now known as UKG.

are) assigned a unique username. The employee's first step in the onboarding process is to create and set up their own secure password. During the onboarding process, employees review, complete and sign documents (the "Onboarding Program"), with the majority of new hires using the digital onboarding process but, in some instances, a wet signature was obtained. Regardless of whether by electronic signature or wet in, an arbitration agreement was signed during onboarding by the employee.

5.     For the electronic process, the employee consents to the use of the electronic signature process (the "Electronic Signature Step") as follows: "I …agree to sign these electronic PDF documents using 'click' signature technology. I understand that a record of each document and my signing of it will be stored in electronic code. I intend both the signature I inscribe with the 'click' signature technology and the electronic record of it to be my legal signature to the document. I confirm that the document is 'written' or 'in writing' and that any accurate record of the document is an original of the document." Attached hereto as **Exhibit A** is a true and correct screenshot illustrating the Electronic Signature Step of the Onboarding Program.

6.     The Onboarding Program requires each employee to provide specific information and review various policies and sign same. For example, employees must sign an Arbitration Agreement, Direct Deposit Authorization,

Dress Code Policy, Handbook Acknowledgment Form, Customer Information and Security Policy, a Driving's Authorization Letter, Insurance Coverage Options Form, and Anti-Harassment and Discrimination Policy, among other items.

7.      The Onboarding Program also requires employees to review and sign an Arbitration Agreement (the "Arbitration Agreement Step").

8.      The electronic records system records the date and time of each of the employee's actions related to the Onboarding Program in UltiPro (an Ultimate Software product) and those records are kept in the normal course of business.

9.      The Company maintains such Onboarding Program records in the ordinary course of business, and it is the regular practice of the Company to make such records. The Onboarding Program records are made at or near the time of the event they record, and are made by, or from, information transmitted by a person with knowledge of the events the records record.

**Plaintiff's Hiring and Onboarding Program**

10.      Plaintiff began her employment with TitleMax in February 2014 as a customer service representative. She was terminated due to lack of work within the Company in February 2015, but she was rehired in the same role on March 16, 2015.

11.     I have reviewed Plaintiff's personnel file, as was kept in the ordinary course of business.   Plaintiff completed the Onboarding Program initially on February 10, 2014 when she was first hired by the Company and again on March 16, 2015 when she was rehired.

12.     On February 10, 2014, as a condition of her employment with the Company and consistent with TitleMax's practice with respect to new hires, Plaintiff executed an Arbitration Agreement. Attached hereto as **Exhibit B** is a true and correct copy of the first Arbitration Agreement Plaintiff executed.   This signature is a wet signature that was performed outside of the electronic onboarding process.   Then, on March 16, 2015, as a condition of her employment with the Company and consistent with TitleMax's practice with respect to new hires, Plaintiff executed another Arbitration Agreement.   Attached hereto as **Exhibit C** is a true and correct copy of the second Arbitration Agreement Plaintiff executed. This signature is an electronic signature performed through the electronic onboarding process.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

13.     The Onboarding Program of logging into the employee database, UltiPro, reviewing, completing and signing various onboarding documents, including an Arbitration Agreement, has remained unchanged from the time Plaintiff first utilized it to the time of her termination of employment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 21, 2022


_Karl S. Grotheer_
Karl Grotheer

33197181.1

6

## Electronic Signature Step for Test Test

**Welcome to the electronic signature step. At this step you will sign all of your paperwork. Please acknowledge your agreement to use electronic signature technology by clicking the agreement below.**

**Agreement to Use Electronic Click Signature to Sign Documents**

☑ I, test test, agree to sign these electronic PDF documents using "click" signature technology. I understand that a record of each document and my signing of it will be stored in electronic code. I intend both the signature I inscribe with the "click" signature technology and the electronic record of it to be my legal signature to the document. I confirm that the document is "written" or "in writing" and that any accurate record of the document is an original of the document.

**Enter the Password and its Confirmation (if required) and click "Submit". The list of documents you need to sign will be displayed. Click the "Click to Sign" button to place your electronic signature on the document. A check mark will appear next to the form you have electronically signed. Each form will be automatically presented for your review and signature.**

| User Name | ttest99998 |
|---|---|
| Employee SSN | xxx-xx-7890 |

Password  `••••••••••••`

Forgot Password

[ Submit ]

EXHIBIT A

## ARBITRATION AGREEMENT

The undersigned Employee, the Employing Company (as defined below), and the Affiliated Companies (as defined below) (collectively referred to as the "Parties" and individually referred to each as a "Party") recognize that disputes may arise during or following Employee's employment. The Parties understand and agree that by entering into this Arbitration Agreement ("Agreement"), the Parties are agreeing to a final and binding dispute-resolution procedure.

The Federal Arbitration Act (9 U.S.C. §§ 1-16) ("FAA") shall govern this Agreement. If for any reason the FAA does not apply, then the state law of arbitrability where Employee works for the Employing Company (or, if Employee is no longer employed by the Employing Company, last worked for the Employing Company) shall apply.

Claims Covered by the Agreement

The Parties mutually consent to the resolution by arbitration of all Arbitrable Claims (as defined below), past, present, or future, that Employee may have against any of the following: (1) TitleMax of Georgia, Inc. (the "Employing Company"), (2) any and all parents, subsidiaries, affiliates, and/or any other related companies of the Employing Company (collectively, the "Affiliated Companies"), (3) any and all officers, directors, members, managers, owners, shareholders, employees, agents, or any other representatives of any entity referenced in subsections (1) or (2) above (in their capacity as such or otherwise), (4) any and all benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents of any entity referenced in subsections (1) or (2) above, and/or (5) any and all successors and assigns of any person or entity referenced in subsections (1)-(4) above (subsections (1)-(5) above, collectively, the "Company"), or that the Employing Company or any of the Affiliated Companies may have against Employee. The Parties understand and agree that, if Employee becomes employed by an Affiliated Company after executing this Agreement, then that Affiliated Company shall be the Employing Company for purposes of this Agreement.

The only claims that are subject to this Agreement are those that are allowed under applicable federal, state, or local law, and are not specifically excluded below ("Arbitrable Claims"). Arbitrable Claims include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims (including, but not limited to, claims of outrage, intentional infliction of emotional distress, negligent hiring, or negligent supervision), even if such torts are currently unforeseeable; claims for retaliation or discrimination (including, but not limited to, race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability); claims for benefits (except as provided below); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below).

The Parties agree that either Party may apply to a court of competent jurisdiction in the county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company (and no other forum) for temporary or preliminary injunctive relief in aid of arbitration, including, but not limited to, relief requested

EXHIBIT B

to maintain the status quo pending the outcome of arbitration, in connection with an Arbitrable Claim. For any such action, the Parties consent to the personal jurisdiction of any such court and waive (a) any objection to jurisdiction or venue, or (b) any defense claiming lack of jurisdiction or improper venue.

Claims Not Covered by the Agreement

This Agreement does not apply to claims for workers' compensation, state disability insurance, or unemployment insurance benefits (provided, however, that this Agreement does apply to claims that the Company retaliated against Employee regarding workers' compensation, state disability insurance, or unemployment insurance benefits). It also does not apply to claims under an employee benefit insurance or pension plan that specifies a different dispute resolution procedure.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency, notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board, and any state and local administrative agencies.

**To the maximum extent permitted by law, the Parties hereby waive any right to bring on behalf of persons other than themselves, or to otherwise participate with other persons in, any class or collective action against the other Party (the "Class Action Waiver"). The Parties understand, however, that to the maximum extent permitted by law they retain the right to bring Arbitrable Claims in arbitration for themselves (and only themselves) as individuals against the other Party.**

Although the Parties agree that Employee will not be retaliated against, disciplined, or threatened with discipline as a result of Employee filing or participating in a class, collective, or representative action or claim under Section 7 of the National Labor Relations Act in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the FAA and seek dismissal of such class, collective, or representative actions or claims.

The Class Action Waiver shall be severable in any case in which the action is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

This Agreement does not apply to any action, lawsuit, or charge that is pending as of the date of this Agreement in any court or federal, state, or local administrative agency.

Time Limits for Commencing Arbitration and Required Notice of All Arbitrable Claims

The Parties agree that, prior to any arbitration, the aggrieved Party must give written notice of a request for arbitration ("Notice") to the other Party no later than the expiration of the

statute of limitations (deadline for filing) that the law prescribes for the Arbitrable Claim(s) asserted. If there is a conflict between applicable statutes of limitation, then the longest applicable limitations period controls. The Parties understand that, although the statutes of limitation will apply, the aggrieved Party is encouraged to give Notice as soon as possible after the event(s) giving rise to the Arbitrable Claim.

The Notice shall identify and describe the nature of all Arbitrable Claims asserted, the facts upon which such Arbitrable Claims are based, and the relief or remedy sought. The Notice shall be sent to the other Party by certified or registered mail, return receipt requested. Employee must send the Notice to the Legal department at 15 Bull St., Suite 200, Savannah, GA, 31401, or the then-current corporate office address. Employee will be sent the Notice at the last address recorded in his/her personnel file.

The Parties understand that after a Party provides the Notice to the other Party as described above, the Party providing the Notice has the option (but is not required) to participate in the following pre-arbitration procedures: (1) allow the other Party thirty (30) days following the receipt of the Notice to investigate the issues described in the Notice; (2) provide information requested by the other Party regarding the issues described in the Notice; (3) participate in pre-arbitration mediation regarding the issues described in the Notice; and/or (4) engage in any other form of alternative dispute resolution.

Representation

Any Party may be represented by an attorney or other representative selected by the Party.

Forum

The arbitration shall take place in the county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company, and no other forum.

Any actions regarding the validity or enforceability of this Agreement shall be brought in a federal court of competent jurisdiction in the district or county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was) last employed by the Employing Company, and no other forum, unless there is a written agreement between the Parties specifying some other forum.

Arbitration Procedures

The arbitration will be conducted by a single arbitrator selected by mutual agreement of the Parties (the "Arbitrator"). If the Parties cannot agree on an arbitrator, each Party will nominate a single potential arbitrator (a "Nominee") and the Nominees will jointly select some other person to be the Arbitrator. The Nominees must designate the Arbitrator within three (3) business days of the Nominees' selection. The Arbitrator (and any Nominee) shall be experienced in employment law, be licensed to practice law in the state in which the arbitration

is convened, and be either a retired judge who presided in the jurisdiction where the arbitration will be held, or an attorney.

If the Nominees cannot agree on an arbitrator within three (3) business days of their selection, each Nominee must provide the names of three (3) potential arbitrators (all of whom must meet the qualifications described above) to each Party on the fifth (5th) business day after the Nominees' selection. Each Party may strike one potential arbitrator, and must rank the remaining potential arbitrators in order of preference (one (1) being the most preferred). Within three (3) business days of receiving the names of the potential arbitrators, the Parties must provide their ranked lists to the Nominees. The potential arbitrator ranked "most preferred" by averaging the numbers (with the lowest number constituting "most preferred") will be the Arbitrator. If a Party does not provide a ranked list to the Nominees within three (3) business days of receiving the names of the potential arbitrators, that Party will be deemed to have consented to the potential arbitrator ranked "most preferred" by the other Party. If there is a tie, the Arbitrator will be chosen by a coin flip on the next business day, with the Party initiating the arbitration making the call and the other Party flipping the coin.

The arbitration shall not be administered by JAMS or the American Arbitration Association. However, the arbitration shall be held in accordance with the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") (and no other rules) in effect as of the date a Party provides the Notice to the other Party as described above. The JAMS Rules are normally available at http://www.jamsadr.com/rules-employment-arbitration. To the extent the JAMS Rules conflict with this Agreement, this Agreement shall control. The JAMS Rules also may be located by using an internet service such as google.com to search for "JAMS employment arbitration rules" or by requesting a copy of the JAMS Rules from the Legal department at the address stated above. Employee understands that the Legal department will supply Employee with a printed copy of those rules upon such request.

The Arbitrator shall apply the substantive state and/or federal law (including the law of remedies, if applicable) that would have been applicable to the Arbitrable Claim(s) asserted if the matter had been litigated in a court of law. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The arbitration shall be final and binding upon the Parties, except as provided in this Agreement and by law.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment and/or other dispositive motion brought by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either Party, at its expense in the first instance, may arrange and pay for a court reporter to provide a stenographic record of proceedings.

Should any Party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is

presented.

Either Party, upon its request, shall be entitled to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor arbitrations, and shall attempt to issue that award and written opinion within thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall include the factual and legal basis for the award.

Either Party shall have the right, within twenty (20) days of issuance of the Arbitrator's award and written opinion, to file with the Arbitrator (and the Arbitrator shall have jurisdiction to consider and rule upon) a motion to reconsider (accompanied by a supporting brief), and the other Party shall have twenty (20) days from the date of the motion to respond. The Arbitrator shall reconsider the issues raised by the motion and either confirm or change its award and written opinion. The Arbitrator shall attempt to issue its decision within fifteen (15) days from the due date of the responsive motion. The Arbitrator's decision shall then be final and conclusive upon the Parties (except as provided by law).

All documents, briefs, and motions must be served on the Arbitrator and the other Party. The Arbitrator may permit electronic service of documents via email at a valid, usable, and live email address maintained by each Party.

Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.

Discovery

Either Party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by the other Party. Either Party also shall have the right to make requests for production of documents to the other Party and to subpoena documents from third parties to the extent allowed by law. Requests for additional depositions or discovery may be made to the Arbitrator. The Arbitrator may grant such additional discovery if the Arbitrator finds that the Party has demonstrated that it needs that discovery to adequately arbitrate the Arbitrable Claim(s) in a reasonably fair manner, taking into account the Parties' mutual desire to have a fast and cost-effective dispute-resolution mechanism.

Witnesses and Exhibits

At least forty-five (45) days before the arbitration, the Parties must exchange lists of all expert witnesses. At least thirty (30) days before the arbitration, the Parties must exchange lists of all non-expert witnesses and copies of all exhibits intended to be used at the arbitration.

Subpoenas

Each Party shall have the right to subpoena witnesses and documents to the extent

allowed by law, subject to any limitations the Arbitrator shall impose for good cause shown.

Arbitration Fees and Costs

The Company will be responsible for paying any filing fee and the fees and costs of the Nominees and the Arbitrator; provided, however, that if Employee initiates the arbitration, Employee will contribute an amount equal to the lesser of (i) the filing fee to initiate a claim in the court of general jurisdiction in the state in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company, or (ii) any filing fee charged by the Arbitrator. Except as otherwise provided above, each Party shall pay in the first instance its own arbitration costs and attorneys' fees, if any. However, if any Party prevails on an Arbitrable Claim which affords the prevailing party attorneys' fees and arbitration costs, or if there is a written agreement providing for attorneys' fees and/or arbitration costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or arbitration costs under the same standards a court would apply under the law applicable to the Arbitrable Claim(s) at issue.

Interstate Commerce

The Parties understand and agree that the Employing Company is engaged in transactions involving interstate commerce and that this Agreement relates to transactions in interstate commerce. Specifically, the Parties agree that the Employing Company markets and sells products and provides services to customers which involve the movement of money, automobiles, and automobile titles from state to state.

Right to Opt Out of Arbitration

**Arbitration is not a mandatory requirement of Employee's employment, and therefore Employee understands that Employee may submit a form stating that Employee wishes to opt out and not be subject to this Agreement.** If Employee wants to opt out, Employee understands and agrees that Employee must submit a signed and dated "Arbitration Opt Out Form" ("Form") that can be obtained from the Legal department either by written request mailed to Attn: General Counsel at 15 Bull St., Suite 200, Savannah, GA, 31401, or by email at Legal@titlemax.com. In order to be effective, the signed and dated Form must be received by the Legal department within sixty (60) days of Employee's execution of this Agreement, and it will only be effective upon written confirmation of receipt by the Legal department. If Employee does not receive written confirmation of receipt within ten (10) days of sending the Form, Employee must contact the Legal department to obtain the written confirmation of receipt.

If Employee timely opts out as provided in this section, Employee may pursue available legal remedies without regard to this Agreement. If Employee does not timely opt out as provided in this section, continuing employment and the Parties' mutual agreement to arbitrate constitute mutual acceptance of the terms of this Agreement by the Parties. Employee has the right to consult with counsel of Employee's choice concerning this Agreement.

Employment Covenants Agreement Amendment

The Parties understand and agree that this Agreement amends and supersedes the "Consent to Jurisdiction and Venue" provision in the Employment Covenants Agreement executed by Employee ("ECA"), if any. Except as expressly stated in the preceding sentence, all other terms and conditions of the ECA remain in full force and effect.

<u>Survival of Agreement and Revocation</u>

This Agreement shall survive the termination of Employee's employment and the expiration of any benefit plan. This Agreement can only be revoked by a writing authorized by both the Employing Company's Chief Executive Officer (or, if there is none, its highest ranking official) and Employee, specifically stating a mutual intent to revoke this Agreement.

<u>Sole and Entire Agreement</u>

This is the complete agreement of the Parties on the subject of arbitration (except for any arbitration agreement in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject of arbitration. Neither Party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

<u>Construction and Severability</u>

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate Arbitrable Claims.

<u>Consideration</u>

The promises made by the Parties in this Agreement to arbitrate Arbitrable Claims, rather than litigate them before courts or other bodies, provide consideration for each other. In addition, Employee's continued employment with the Employing Company constitutes sufficient consideration for Employee's promises in this Agreement.

<u>Successors and Assigns</u>

The Parties agree that this Agreement shall be assignable to, and shall inure to the benefit of, the successors and assigns of the Employing Company and Affiliated Companies, including, without limitation, successors through merger, name change, consolidation, or sale of a majority of the stock, assets, or membership interests of the Employing Company or an Affiliated Company, and shall be binding upon Employee and Employee's heirs and assigns.

<u>Acknowledgment</u>

8472173

EACH PARTY HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS. EACH PARTY UNDERSTANDS THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, EXCEPT AS OTHERWISE PROVIDED ABOVE. THE PARTIES HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EACH PARTY UNDERSTANDS THAT IT IS GIVING UP ITS RIGHT TO A JURY TRIAL.

EMPLOYEE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH EMPLOYEE'S PRIVATE LEGAL COUNSEL AND HAS AVAILED HIMSELF OR HERSELF OF THAT OPPORTUNITY TO THE EXTENT EMPLOYEE WISHES TO DO SO.

**EMPLOYEE:**

*Cordelius Brown*
Print Name

*(signature)*
Signature

30092
Employee Number

2/21/2014
Date

**COMPANY:**

By: *(signature)*

Lauren Thomas
Lauren Thomas, Vice President of Human Resources, on behalf of the Employing Company and Affiliated Companies

_____
Date

## ARBITRATION AGREEMENT

The undersigned Employee, the Employing Company (as defined below), and the Affiliated Companies (as defined below) (collectively referred to as the "Parties" and individually referred to each as a "Party") recognize that disputes may have arisen or may arise prior to, during, or following Employee's employment. The Parties understand and agree that by entering into this Arbitration Agreement ("Agreement"), the Parties are agreeing to a final and binding dispute-resolution procedure.

The Federal Arbitration Act (9 U.S.C. §§ 1-16) ("FAA") shall govern this Agreement. If for any reason the FAA does not apply, then the state law of arbitrability where Employee works for the Employing Company (or, if Employee is no longer employed by the Employing Company, last worked for the Employing Company) shall apply.

Claims Covered by the Agreement

The Parties mutually consent to the resolution by arbitration of all Arbitrable Claims (as defined below), past, present, or future, that Employee may have against any of the following: (1) ___TitleMax of Georgia Inc._____ (the "Employing Company"), (2) any and all parents, subsidiaries, affiliates, and/or any other related companies of the Employing Company (collectively, the "Affiliated Companies"), (3) any and all officers, directors, members, managers, owners, shareholders, employees, agents, or any other representatives of any entity referenced in subsections (1) or (2) above (in their capacity as such or otherwise), (4) any and all benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents of any entity referenced in subsections (1) or (2) above, and/or (5) any and all successors and assigns of any person or entity referenced in subsections (1)-(4) above (subsections (1)-(5) above, collectively, the "Company"), or that the Employing Company or any of the Affiliated Companies may have against Employee. The Parties understand and agree that, if Employee becomes employed by an Affiliated Company after executing this Agreement, then that Affiliated Company shall be the Employing Company for purposes of this Agreement.

The only claims that are subject to this Agreement are those that are allowed under applicable federal, state, or local law, and are not specifically excluded below ("Arbitrable Claims"). Arbitrable Claims include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims (including, but not limited to, claims of outrage, intentional infliction of emotional distress, negligent hiring, or negligent supervision), even if such torts are currently unforeseeable; claims for retaliation or discrimination (including, but not limited to, race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability); claims for benefits (except as provided below); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below).

The Parties agree that either Party may apply to a court of competent jurisdiction in the county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company (and no other forum) for temporary or preliminary injunctive relief in aid of arbitration, including, but not limited to, relief requested

EXHIBIT C

to maintain the status quo pending the outcome of arbitration, in connection with an Arbitrable Claim. For any such action, the Parties consent to the personal jurisdiction of any such court and waive (a) any objection to jurisdiction or venue, or (b) any defense claiming lack of jurisdiction or improper venue.

Claims Not Covered by the Agreement

This Agreement does not apply to claims for workers' compensation, state disability insurance, or unemployment insurance benefits (provided, however, that this Agreement does apply to claims that the Company retaliated against Employee regarding workers' compensation, state disability insurance, or unemployment insurance benefits). It also does not apply to claims under an employee benefit insurance or pension plan that specifies a different dispute resolution procedure.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency, notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board, and any state and local administrative agencies.

**To the maximum extent permitted by law, the Parties hereby waive any right to bring on behalf of persons other than themselves, or to otherwise participate with other persons in, any class or collective action against the other Party (the "Class Action Waiver"). The Parties understand, however, that to the maximum extent permitted by law they retain the right to bring Arbitrable Claims in arbitration for themselves (and only themselves) as individuals against the other Party.**

Although the Parties agree that Employee will not be retaliated against, disciplined, or threatened with discipline as a result of Employee filing or participating in a class, collective, or representative action or claim under Section 7 of the National Labor Relations Act in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the FAA and seek dismissal of such class, collective, or representative actions or claims.

The Class Action Waiver shall be severable in any case in which the action is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

This Agreement does not apply to any action, lawsuit, or charge that is pending as of the date of this Agreement in any court or federal, state, or local administrative agency.

Time Limits for Commencing Arbitration and Required Notice of All Arbitrable Claims

The Parties agree that, prior to any arbitration, the aggrieved Party must give written notice of a request for arbitration ("Notice") to the other Party no later than the expiration of the

statute of limitations (deadline for filing) that the law prescribes for the Arbitrable Claim(s) asserted. If there is a conflict between applicable statutes of limitation, then the longest applicable limitations period controls. The Parties understand that, although the statutes of limitation will apply, the aggrieved Party is encouraged to give Notice as soon as possible after the event(s) giving rise to the Arbitrable Claim.

The Notice shall identify and describe the nature of all Arbitrable Claims asserted, the facts upon which such Arbitrable Claims are based, and the relief or remedy sought. The Notice shall be sent to the other Party by certified or registered mail, return receipt requested. Employee must send the Notice to the Legal department at 15 Bull St., Suite 200, Savannah, GA, 31401, or the then-current corporate office address. Employee will be sent the Notice at the last address recorded in his/her personnel file.

The Parties understand that after a Party provides the Notice to the other Party as described above, the Party providing the Notice has the option (but is not required) to participate in the following pre-arbitration procedures: (1) allow the other Party thirty (30) days following the receipt of the Notice to investigate the issues described in the Notice; (2) provide information requested by the other Party regarding the issues described in the Notice; (3) participate in pre-arbitration mediation regarding the issues described in the Notice; and/or (4) engage in any other form of alternative dispute resolution.

Representation

Any Party may be represented by an attorney or other representative selected by the Party.

Forum

The arbitration shall take place in the county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company, and no other forum.

Any actions regarding the validity or enforceability of this Agreement shall be brought in a federal court of competent jurisdiction in the district or county (or comparable governmental unit) in which Employee is (or, if Employee is no longer employed, was) last employed by the Employing Company, and no other forum, unless there is a written agreement between the Parties specifying some other forum.

Arbitration Procedures

The arbitration will be conducted by a single arbitrator selected by mutual agreement of the Parties (the "Arbitrator"). If the Parties cannot agree on an arbitrator, each Party will nominate a single potential arbitrator (a "Nominee") and the Nominees will jointly select some other person to be the Arbitrator. The Nominees must designate the Arbitrator within three (3) business days of the Nominees' selection. The Arbitrator (and any Nominee) shall be experienced in employment law, be licensed to practice law in the state in which the arbitration

is convened, and be either a retired judge who presided in the jurisdiction where the arbitration will be held, or an attorney.

If the Nominees cannot agree on an arbitrator within three (3) business days of their selection, each Nominee must provide the names of three (3) potential arbitrators (all of whom must meet the qualifications described above) to each Party on the fifth (5th) business day after the Nominees' selection. Each Party may strike one potential arbitrator, and must rank the remaining potential arbitrators in order of preference (one (1) being the most preferred). Within three (3) business days of receiving the names of the potential arbitrators, the Parties must provide their ranked lists to the Nominees. The potential arbitrator ranked "most preferred" by averaging the numbers (with the lowest number constituting "most preferred") will be the Arbitrator. If a Party does not provide a ranked list to the Nominees within three (3) business days of receiving the names of the potential arbitrators, that Party will be deemed to have consented to the potential arbitrator ranked "most preferred" by the other Party. If there is a tie, the Arbitrator will be chosen by a coin flip on the next business day, with the Party initiating the arbitration making the call and the other Party flipping the coin.

The arbitration shall not be administered by JAMS or the American Arbitration Association. However, the arbitration shall be held in accordance with the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") (and no other rules) in effect as of the date a Party provides the Notice to the other Party as described above. The JAMS Rules are normally available at http://www.jamsadr.com/rules-employment-arbitration. To the extent the JAMS Rules conflict with this Agreement, this Agreement shall control. The JAMS Rules also may be located by using an internet service such as google.com to search for "JAMS employment arbitration rules" or by requesting a copy of the JAMS Rules from the Legal department at the address stated above. Employee understands that the Legal department will supply Employee with a printed copy of those rules upon such request.

The Arbitrator shall apply the substantive state and/or federal law (including the law of remedies, if applicable) that would have been applicable to the Arbitrable Claim(s) asserted if the matter had been litigated in a court of law. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The arbitration shall be final and binding upon the Parties, except as provided in this Agreement and by law.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment and/or other dispositive motion brought by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either Party, at its expense in the first instance, may arrange and pay for a court reporter to provide a stenographic record of proceedings.

Should any Party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is

presented.

Either Party, upon its request, shall be entitled to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor arbitrations, and shall attempt to issue that award and written opinion within thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall include the factual and legal basis for the award.

Either Party shall have the right, within twenty (20) days of issuance of the Arbitrator's award and written opinion, to file with the Arbitrator (and the Arbitrator shall have jurisdiction to consider and rule upon) a motion to reconsider (accompanied by a supporting brief), and the other Party shall have twenty (20) days from the date of the motion to respond. The Arbitrator shall reconsider the issues raised by the motion and either confirm or change its award and written opinion. The Arbitrator shall attempt to issue its decision within fifteen (15) days from the due date of the responsive motion. The Arbitrator's decision shall then be final and conclusive upon the Parties (except as provided by law).

All documents, briefs, and motions must be served on the Arbitrator and the other Party. The Arbitrator may permit electronic service of documents via email at a valid, usable, and live email address maintained by each Party.

Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.

Discovery

Either Party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by the other Party. Either Party also shall have the right to make requests for production of documents to the other Party and to subpoena documents from third parties to the extent allowed by law. Requests for additional depositions or discovery may be made to the Arbitrator. The Arbitrator may grant such additional discovery if the Arbitrator finds that the Party has demonstrated that it needs that discovery to adequately arbitrate the Arbitrable Claim(s) in a reasonably fair manner, taking into account the Parties' mutual desire to have a fast and cost-effective dispute-resolution mechanism.

Witnesses and Exhibits

At least forty-five (45) days before the arbitration, the Parties must exchange lists of all expert witnesses. At least thirty (30) days before the arbitration, the Parties must exchange lists of all non-expert witnesses and copies of all exhibits intended to be used at the arbitration.

Subpoenas

Each Party shall have the right to subpoena witnesses and documents to the extent

allowed by law, subject to any limitations the Arbitrator shall impose for good cause shown.

Arbitration Fees and Costs

The Company will be responsible for paying any filing fee and the fees and costs of the Nominees and the Arbitrator; provided, however, that if Employee initiates the arbitration, Employee will contribute an amount equal to the lesser of (i) the filing fee to initiate a claim in the court of general jurisdiction in the state in which Employee is (or, if Employee is no longer employed, was last) employed by the Employing Company, or (ii) any filing fee charged by the Arbitrator. Except as otherwise provided above, each Party shall pay in the first instance its own arbitration costs and attorneys' fees, if any. However, if any Party prevails on an Arbitrable Claim which affords the prevailing party attorneys' fees and arbitration costs, or if there is a written agreement providing for attorneys' fees and/or arbitration costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or arbitration costs under the same standards a court would apply under the law applicable to the Arbitrable Claim(s) at issue.

Interstate Commerce

The Parties understand and agree that the Employing Company is engaged in transactions involving interstate commerce and that this Agreement relates to transactions in interstate commerce. Specifically, the Parties agree that the Employing Company markets and sells products and provides services to customers which involve the movement of money, automobiles, and automobile titles from state to state.

Right to Opt Out of Arbitration

**Arbitration is not a mandatory requirement of Employee's employment, and therefore Employee understands that Employee may submit a form stating that Employee wishes to opt out and not be subject to this Agreement.** If Employee wants to opt out, Employee understands and agrees that Employee must submit a signed and dated "Arbitration Opt Out Form" ("Form") that can be obtained from the Legal department either by written request mailed to Attn: General Counsel at 15 Bull St., Suite 200, Savannah, GA, 31401, or by email at Legal@titlemax.com. In order to be effective, the signed and dated Form must be received by the Legal department within sixty (60) days of Employee's execution of this Agreement, and it will only be effective upon written confirmation of receipt by the Legal department. If Employee does not receive written confirmation of receipt within ten (10) days of sending the Form, Employee must contact the Legal department to obtain the written confirmation of receipt.

If Employee timely opts out as provided in this section, Employee may pursue available legal remedies without regard to this Agreement. If Employee does not timely opt out as provided in this section, continuing employment and the Parties' mutual agreement to arbitrate constitute mutual acceptance of the terms of this Agreement by the Parties. Employee has the right to consult with counsel of Employee's choice concerning this Agreement.

Confidentiality

At all stages of the arbitration process, all communications, information, and documents which are revealed, used, disclosed, or issued during or in connection with the arbitration process, including, but not limited to, evidence, pleadings, rulings, orders, awards, and information regarding the subject matter of the arbitration (collectively, "Information and Documents") shall be treated as confidential, except as provided below. The Parties shall maintain the confidentiality of all Information and Documents and shall not disclose any Information and Documents to any other person or entity, provided, however, that Information and Documents may be disclosed to: (i) the Parties' attorneys, lenders, equity or debt holders, accountants, underwriters, and financial advisors; (ii) persons or entities to whom disclosure is necessary to prepare for or conduct the arbitration, including, but not limited to, witnesses and experts; (iii) a court and its support personnel for purposes of seeking temporary or preliminary injunctive relief in aid of arbitration, determining the enforceability of this Agreement, compelling arbitration under this Agreement, or enforcing an arbitration award; (iv) a court, arbitrator, or government agency pursuant to law, official request by such government agency, order of such court or arbitrator, or legally enforceable subpoena; (v) persons or entities to whom disclosure is necessary for any legitimate business purpose of the Employing Company or the Affiliated Companies, including, but not limited to, officers, directors, managers, owners, shareholders, employees, and agents of the Employing Company or the Affiliated Companies; and (vi) Employee's spouse or significant other; provided, however, that (y) if disclosure is made pursuant to subsection (i), (ii), (v), or (vi) above, the disclosing Party must mark the Information and Documents "Confidential" or instruct all persons or entities to whom disclosure is made to maintain the confidentiality of the Information and Documents; and (z) nothing in the foregoing paragraph precludes Employee from engaging in concerted activity protected under the National Labor Relations Act.

Survival of Agreement and Revocation

This Agreement shall survive the termination of Employee's employment and the expiration of any benefit plan. This Agreement can only be revoked by a writing authorized by both the Employing Company's Chief Executive Officer (or, if there is none, its highest ranking official) and Employee, specifically stating a mutual intent to revoke this Agreement.

Sole and Entire Agreement

This is the complete agreement of the Parties on the subject of arbitration (except for any arbitration agreement in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject of arbitration. Neither Party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

Construction and Severability

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in

whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate Arbitrable Claims.

Consideration

The promises made by the Parties in this Agreement to arbitrate Arbitrable Claims, rather than litigate them before courts or other bodies, provide consideration for each other. In addition, the Employing Company's agreement to employ Employee constitutes sufficient consideration for Employee's promises in this Agreement.

Successors and Assigns

The Parties agree that this Agreement shall be assignable to, and shall inure to the benefit of, the successors and assigns of the Employing Company and Affiliated Companies, including, without limitation, successors through merger, name change, consolidation, or sale of a majority of the stock, assets, or membership interests of the Employing Company or an Affiliated Company, and shall be binding upon Employee and Employee's heirs and assigns.

Acknowledgment

EACH PARTY HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS. EACH PARTY UNDERSTANDS THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, EXCEPT AS OTHERWISE PROVIDED ABOVE. THE PARTIES HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EACH PARTY UNDERSTANDS THAT IT IS GIVING UP ITS RIGHT TO A JURY TRIAL.

EMPLOYEE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH EMPLOYEE'S PRIVATE LEGAL COUNSEL AND HAS AVAILED HIMSELF OR HERSELF OF THAT OPPORTUNITY TO THE EXTENT EMPLOYEE WISHES TO DO SO.

[*signatures on the following page*]

**EMPLOYEE:**



Digitally Signed By: Cordelius NO MIDDLE NAME Brown on 3/16/2015



Electronic Signature

## Cordelius Brown

Employee Name

## 3/16/2015

Date

**COMPANY:**

By:

Lauren Thomas, Vice President of Human Resources, on behalf of the Employing Company and Affiliated Companies

## 3/16/2015

Date