# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CORDELIUS BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-082 |
| ) | |
| TITLEMAX OF ) | |
| GEORGIA, INC., ) | |
| *et. al.* ) | |
| Defendants. ) | |

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this lawsuit alleging various unlawful employment actions and other state law claims against her former employer and related entities and individuals. *See generally* docs. 1 & 6. Currently pending are the TMX Defendants'[1] Motion to Compel Arbitration and to Dismiss, doc. 25, Plaintiff's Motion

---

[1] The Motion to Compel was filed on behalf of Defendants Alexander, Anderson, Bragg, Broce, Chilsom, Fritts, Ludwig, Thomas, Young, Titlemax of Georgia, and Insurance Auto Auction of Savannah. The Clerk additionally noted on the docket that Rachel Hudson, Tabitha McCallum, Kelly Cummings, and John or Jane Does have been named. However, because of the nature of Plaintiff's Complaint, it is difficult, if not impossible, for the Court to identify which allegations are made against which Defendants, and if those individuals have been served or entered the case. For ease of reference the Court herein references the Motion to Compel movants as "TMX Defendants" collectively, even though there may be more parties who have been identified and would be parties to arbitration if it were ordered. In any event, the issue is irrelevant because the Plaintiff has failed to state a claim against anyone, as discussed below.

1

to Seal Documents, doc. 29, Plaintiff's Motion for Sanctions, doc. 37, Plaintiff's Motion for Temporary Restraining Order, doc. 38, Plaintiff's Motion for Leave to File Supplemental Response, doc. 39, Plaintiff's Motion for Emergency Hearing or Ruling, doc. 47, and TMX Defendants' Motion for Protective Order, doc. 53, as well as responses and replies to each. *See generally* docket. Despite these filings, the Court must now perform its obligatory screening to determine whether Plaintiff has complied with its instructions. *See* 28 U.S.C. § 1915(e)(2); *see also* doc. 7 at 3-7.

## I.   Background and Procedural History

Plaintiff is a former employee of Defendant Titlemax of Georgia, Inc. ("TMX"). She alleges that she was tricked into her employment by TMX, as she believed she worked for a financial institution, but realized after some time that TMX's business practices were "of a used car dealership and Recovery Agency," and she alleges various nefarious practices committed against customers and other employees by TMX. *See generally* doc. 8; *see also* doc. 28 at 4-6. Although it is difficult to discern from Plaintiff's voluminous, meandering filings, the crux of her employment related claim appears to be that she was transferred to less

desirable store locations based on her race and gender even though she substantially improved the overall success of her home office, that her race was used as a marketing tool, and that she was otherwise discriminated against based on her race. Doc. 8 at 5, 58-62; doc. 28 at 6. She also makes claims of disability discrimination, doc. 8 at 51, retaliation under the ADA, *id.* at 54, harassment and hostile work environment under the ADA, *id.* at 56, retaliation, harassment, and hostile work environment under Title VII and 42 U.S.C. § 1981, *id.* at 62-71, defamation, *id.* at 71, intentional infliction of emotional distress, *id.* at 73, wrongful termination, *id.* at 77, tortious interference with employment, *id.* at 78-80, premises liability, *id.* at 82, fraudulent inducement, *id.* at 83, misrepresentation, *id.* at 85, civil conspiracy, *id.* at 88, a due process violation, *id.* at 91, violation of the FLSA for failure to pay overtime, *id.* at 92-94, and breach of fiduciary duty, *id.* at 94.

The Court screened Plaintiff's First Amended Complaint, doc. 6, as required by 28 U.S.C. § 1915(e)(2), found it to be "what is often disparagingly referred to as a shotgun pleading," and that it therefore did not meet the Federal Rules of Civil Procedure's standards for filings. Doc. 7 at 3-7 (internal cites and quotes omitted). The Court ordered Plaintiff

to amend her Complaint again, warning that failure to comply might result in dismissal. *Id.* at 7. In response, Plaintiff filed an Amended Complaint. *See generally* doc. 8. However, before the Court could complete its mandatory screening of that amended pleading, she filed another amended pleading, doc. 13, and some Defendants appeared, docs. 11, 15 & 25. They filed the Motion to Compel Arbitration soon after. Doc. 25.

## II.   Discussion

The TMX Defendants oppose litigating Plaintiff's claims in this forum. Doc. 25. They assert that Plaintiff executed arbitration agreements as a condition of her employment and request that those agreements be enforced by submitting this case to arbitration. *See generally* doc. 26. Plaintiff vigorously contests the Defendants' motion, presenting various reasons why the arbitration agreements are unenforceable. *See generally* docs. 28 & 30. The parties have engaged in aggressive litigation ever since. *See, e.g.*, docs. 34, 35, 36, 37, 38, 39, 40, 41, 42, 46, 47, 48, 49, 50, 52, 53. Despite Defendants' attempt to frame the issue as one of arbitrability, *see* docs. 25, 26, 34, and Plaintiff's attempts to litigate the merits of her various claims and seek drastic

injunctive relief, *see* docs. 37, 38, 39, 47, Plaintiff's continued shotgun pleadings remain the threshold, dispositive issue.

District courts are directed to dismiss complaints in IFP actions *sua sponte* "at any time if the court determines that," among other things, the action "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Holliday v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 4127617, at *2 (11th Cir. Sept. 12, 2022). As noted above, Plaintiff's original Complaint was previously screened by the Court, and she was ordered to amend her Complaint to eliminate the "shotgun" style pleading errors. Doc. 7 at 6. She complied by timely filing an amended pleading but did not address the deficiencies highlighted by the Court's prior Order. *See generally* doc. 8. Although Defendants then prematurely engaged in the arduous task of responding to Plaintiff's various filings before the Court had the opportunity to conduct its required screening, the Court is still obligated preserve its resources by reviewing *pro se* IFP complaints for frivolity. *See* 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits."). Moreover, the Court has inherent authority to police its own docket by incorporating statutory mandates which are specifically tailored to prevent the exact vexatiousness complained of by the Defendants. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds.").

    A review of Plaintiff's Amended Complaint shows that Plaintiff did not abide any instruction from the Court besides shortening her Complaint. *See generally* doc. 8. She continued the impermissible restatement and incorporation by reference of all preceding paragraphs, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief. *See e.g., id.* at 54. She then filed another amended pleading, without first seeking leave to do so. *See* Fed. R. Civ. P. 15. That Amended Complaint is 102 pages and contains 22 counts, not including her prayers for relief. Doc. 13. It also fails to articulate against whom each specific claim is made, what factual allegations support each claim, and is replete

with conclusory allegations and "the-defendant-unlawfully-harmed-me" style accusations. *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Eleventh Circuit so loathes shotgun pleadings that it has mandated that the district court strike the pleading even when the other party does not move to strike it. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (citing *Vibe Micro, Inc.*, 878 F.3d at 1295). In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff "one chance to remedy such deficiencies." *E.g.*, *Vibe Micro*, 878 F.3d at 1295. Plaintiff was already given this opportunity but failed to remedy the defects even after making several attempts. *Jackson*, 898 F.3d at 1358 ("the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds."). Thus, notwithstanding the TMX Defendants' appearance and attempts to litigate other issues, this case must be dismissed due to Plaintiff's persistent failure to comply with court orders and the Federal Rules of Civil Procedure. Because she has repeatedly failed to remedy the defects

contained within the Amended Complaint first screened by the Court, her case should be **DISMISSED.**

Adoption of the above recommendation would moot many of the parties' remaining requests, including Defendants' Motion to Compel Arbitration, doc. 25, Plaintiff's Motion for Sanctions, doc. 37, Plaintiff's Motion for Temporary Restraining Order, doc. 38, Plaintiff's Motion for Leave to File Supplemental Response re Motion to Compel, doc. 39, Plaintiff's Motion for Emergency Hearing or Ruling in Support re Motion for Temporary Restraining Order, doc. 47, and Defendants' Motion for Protective Order, doc. 53. Therefore, the Court defers consideration of those motions until the District Judge's ultimate decision on this Report and Recommendation. However, Plaintiff has also filed a Motion to Seal that requires more immediate attention. Doc 29.

Plaintiff's Motion to Seal is vague and does not allow the Court to determine her intentions. She requests that "Exhibit 2; Exhibit 6; and Exhibit 8" be permanently sealed. Doc. 29 at 1. In support of her Motion to File Under Seal, Plaintiff argues that the documents "should not be made to the public." *Id.* She claims they contain "confidential Privacy Act information." *Id.* She does not identify that information in her

Motion, but review of the record suggests that she retroactively seeks approval of the previous action of redacting the documents, which were attached to her Amended Complaint and a "declaration" filed contemporaneously with her Motion to Seal, mentioned in her Motion. *See generally* doc. 28-1; doc. 30.  For example, Exhibit 2 contains a disclosure and authorization executed by Plaintiff where her social security number and other private information has been redacted.  Doc. 28-1 at 3.  Within Exhibit 6, which appears to be an internal TMX email, several web addresses and passwords have been redacted.  *See* doc. 30 at 20-22.  Exhibit 8 appears to be Plaintiff's Separation Notice from TMX and her social security number is redacted.  *Id.* at 24.  The undersigned finds no issue as to the previously made redactions, and the Defendants do not appear to contest Plaintiff's redactions.  Thus, to the extent Plaintiff merely seeks approval for redactions already applied, her Motion is **GRANTED**.  Doc. 29, in part.

However, if Plaintiff seeks further relief, such as a wholesale sealing of complete documents previously filed, she has not made the requisite showing.  The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of

9

utmost public concern, [cit.], and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978) and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311, 1315 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and

alterations omitted). Plaintiff has not met her burden of demonstrating good cause to seal entire filings. If that is what she seeks, her request is **DENIED**. Doc. 29, in part. She is free to refile her request if she seeks additional items to be sealed from the public docket, so long as she can make the required showing. To be clear, private identity and password information is properly redacted from the record in its current form, but if Plaintiff seeks further relief from the Court, she must support her argument by showing good cause exists to prevent the public's access to the specific information.

## II.     Conclusion

Plaintiff's Motion to Seal is **GRANTED**, in part, and **DENIED**, in part. Doc. 29. The Clerk is **DIRECTED** to maintain the current redactions on the docket. The Plaintiff's Amended Complaint, doc. 13, should be **DISMISSED** as a shotgun pleading.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED**, this 13th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA