IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CORDELIUS BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TITLEMAX OF GEORGIA, INC.; ) <br> INSURANCE AUTO AUCTION OF ) <br> RINCON; GREG LUDWIG; STEVE ) <br> THOMAS; NATHANIEL ANDERSON; ) <br> ERIN FRITTS; CARLEY BRAGG; ) <br> JASON BROCE; CLAY ALEXANDER, ) <br> also known as Clayton Hall; ) <br> RACHEL HUDSON; TABITHA ) <br> MCCALLUM; KELLY CUMMINGS; TRACY ) <br> YOUNG; DOE 1-5; FRANK CHILSOM, ) <br> also known as Kip; and ) <br> INSURANCE AUTO AUCTION OF ) <br> SAVANNAH; ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV422-082 |

## O R D E R

Before the Court is the Magistrate Judge's October 13, 2022, Report and Recommendation (Doc. 56), to which Plaintiff Cordelius Brown has objected (Doc. 57) and the TitleMax Defendants have responded (Doc. 58).[1] After a careful review of the record, the

---

[1] Like the Magistrate Judge, the Court notes that Defendants TitleMax of Georgia, Inc., Insurance Auto Auctions, Inc., incorrectly identified as Insurance Auto Auction of Savannah ("IAA"), Greg Ludwig, Frank "Kip" Chisolm, Steve Thomas, Nathanial Anderson, Erin Fritts, Carley Bragg, Jason Broce, Clay Hall, Kellie Cummings, and Tracy Young have responded (Doc. 58 at 1), and that some other named defendants have not responded. For ease of reference, this Court will similarly refer to the movants as the "TitleMax Defendants."

Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation as herein modified as the Court's opinion in this case. (Doc. 56.) Plaintiff's objections are **OVERRULED**. (Doc. 57.) Plaintiff's third amended complaint is **DISMISSED WITH PREJUDICE**. (Doc. 13.)

**BACKGROUND**

On April 6, 2022, Plaintiff filed the first of several complaints, each of which are more than 100 pages in length. (Doc. 1.) On May 13, 2022, the Magistrate Judge determined Plaintiff's first amended complaint (Doc. 6) was a "shotgun pleading." (Doc. 7 at 3.) In the order, the Magistrate Judge set out the four types of shotgun pleadings identified by the Eleventh Circuit, including:

> (1) "[A] complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a pleading that does not "separate[e] into a different count each cause of action or claim for relief"; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

(Doc. 7 at 4 (citing Adams v. Huntsville Hosp., 819 F. App'x 836, 838 (11th Cir. 2020) (citation omitted)).) The Magistrate Judge explained Plaintiff's first amended complaint was deficient in at least three respects. First, the complaint adopted all of the allegations of each preceding count. (Id. at 4-5.) Second, the

2

expansive complaint also contained conclusory allegations. (Id. at 5.) And third, the complaint failed to articulate against whom each claim was made and what factual allegations supported which claim. (Id.) The Magistrate Judge afforded Plaintiff an opportunity to file an amended complaint and advised her that the failure to timely comply with the order may result in dismissal. (Id. at 6-7.)

In response to the Magistrate Judge's directive, Plaintiff filed a second amended complaint. (Doc. 8.) Soon thereafter, Plaintiff filed a third amended complaint without leave of court.[2] (Doc. 13.) Although the parties engaged in significant litigation, the Magistrate Judge recommended sua sponte dismissal of Plaintiff's third amended complaint (Doc. 13) as a shotgun pleading. (Doc. 56 at 5-8, 11.) Despite Plaintiff's procedural mistakes, the Magistrate Judge explained that Plaintiff's second amended complaint continued to incorporate by reference all preceding paragraphs. (Id. at 6 (citing Doc. 8).) Additionally, the Magistrate Judge noted that Plaintiff's third amended complaint failed "to articulate against whom each specific claim [was] made, [failed to articulate] what factual allegations

---

[2] As the Magistrate Judge noted, Plaintiff did not request leave of Court before filing her third amended complaint. (Doc. 13.) Nevertheless, Magistrate Judge implicitly recognized that leave of court should be "freely" given, Fed. R. Civ. P. 15(a)(2), considered the contents of the third amended complaint, and found it also failed to remedy the shotgun pleading shortcomings.

3

support[ed] each claim, and [was] replete with conclusory allegations. . . ." (Id. at 6-7 (citing Doc. 13).) Plaintiff objected to the Magistrate Judge's recommendation. (Doc. 57.) The TitleMax Defendants filed a response to Plaintiff's objections, arguing the Court should overrule Plaintiff's objections and adopt the Magistrate Judge's report and recommendation. (Doc. 58 at 2.)

**LEGAL STANDARD**

The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**ANALYSIS**

I. SHOTGUN PLEADING

The Magistrate Judge correctly determined, whether considering Plaintiff's second or third amended complaint, that her complaints are shotgun pleadings. First, as previously explained, the Magistrate Judge recommended dismissing Plaintiff's second amended complaint as a shotgun pleading because she

4

continued to incorporate all preceding paragraphs of her complaint by reference. (Doc. 56 at 6.) The problem with this type of pleading is that it causes "each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiff's objection regarding incorporating prior paragraphs misses the mark. (Doc. 57 at 19 (arguing Plaintiff "corrected the phrase" by stating she "alleges, states, and re-allege[s] by reference" the allegations in the preceding paragraphs).) The issue is not in Plaintiff's word choice. Instead, she continues to incorporate all of the factual allegations and counts into every count that follows. (E.g., Doc. 8 at 51, 54; Doc. 13 at 53, 55.) Thus, Plaintiff's first objection is overruled.

Plaintiff's second objection requires closer inspection. The Magistrate Judge found that Plaintiff's third amended complaint failed to articulate against whom each specific claim was made. (Doc. 56 at 6.) In her objection, Plaintiff argues she identified each party and their conduct in the factual allegations section, "distinctly tying each person's conduct to the cause of action[.]" (Doc. 57 at 19-20.) Specifically, Plaintiff listed the name of each defendant against whom she asserted her causes of action. (E.g., Doc. 8 at 51, 54, 56; Doc. 13 at 53, 55, 57.) Thus, the Court declines to adopt the Magistrate Judge's recommendation to

5

the extent it suggests Plaintiff's complaint, when liberally construed, did not state against which defendant each claim was brought. However, due to Plaintiff's adoption of the allegations of all preceding counts, it is still impossible to decipher which defendants are responsible for the acts or omissions giving rise to each claim. Weiland, 792 F.3d at 1323 (explaining part of the problem with asserting multiple claims against multiple defendants is failing to specify "which of the defendants are responsible for which acts or omissions").

Notwithstanding, Plaintiff's amended complaints also remain "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[.]" Adams, 819 F. App'x at 838. Many of Plaintiff's meandering allegations are not clearly connected to any particular cause of action, and they include, but are not limited to, allegations about an inappropriate sexual relationship, an illegal repossession, and losing her desire to have children. (Doc. 113 at 39, 47-48, 50.) Neither the Court nor the TitleMax Defendants can determine which causes of action these and other similarly immaterial allegations pertain to because Plaintiff includes them as factual allegations, which she then incorporates into each count. (E.g., Doc. 13 at 53, 55.)

Plaintiff argues that the TitleMax Defendants clearly understood the claims against them because they filed a motion to

6

compel arbitration. (Doc. 57 at 5-7.) While Plaintiff correctly notes that Defendants did not file a motion for more definite statement and filed the motion to compel in lieu of filing an answer, the motion does not demonstrate, as Plaintiff claims, that the TitleMax Defendants had "a clear understanding of the allegations against them in which relief can be granted." (Id. at 7.)[3] In fact, the TitleMax Defendants ardently avoided addressing any merits of Plaintiff's claims. (E.g., Doc. 41 at 2 ("Defendants want to be clear that it is not their intention to litigate this matter before this Honorable Court . . . .").) A clear understanding of Plaintiff's claims was not required for the arbitration agreement to appear potentially applicable. And, in any event, the TitleMax Defendants' attempt to enforce an arbitration agreement does not defeat the Magistrate Judge's conclusion that Plaintiff's amended complaints constitute shotgun pleadings for the reasons explained above.

II.  GROUNDS FOR DISMISSAL

Throughout Plaintiff's objection, she briefly raises several other arguments regarding why the Court should overrule the

---

[3] Plaintiff misunderstands the Magistrate Judge's description of the TitleMax Defendants motion to compel arbitration as "premature." (Doc. 57 at 6.) The Magistrate Judge merely conveyed that the TitleMax Defendants' defensive tactics were hasty considering the Magistrate Judge had not screened Plaintiff's amended complaint to determine whether she remedied the shotgun pleading deficiencies.

7

Magistrate Judge's report and recommendation. Each of those is equally unavailing. Plaintiff appears to confuse applicable standards and the grounds on which the Magistrate Judge recommended dismissal.[4] Despite Plaintiff's contentions, dismissal is warranted, not on the various grounds Plaintiff contends the Magistrate Judge inappropriately applied, but because Plaintiff has not filed a complaint that complies with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (Doc. 56 at 6-8.) Although the Court liberally construes pleadings from pro se litigants, "that a litigant opts to represent themselves pro se does not excuse their noncompliance with procedural rules." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020) (per curiam) (affirming dismissal with prejudice of pro se plaintiff's complaint as a shotgun pleading because it "contained counts that incorporated and re-alleged the counts that came before them"). "Further, the

---

[4] Plaintiff argues the Magistrate Judge erred by not considering the five "Henderson" factors. (Doc. 57 at 1.) Additionally, Plaintiff argues dismissal because she disobeyed a court order is inappropriate due to the timing of and her efforts to comply with the Magistrate Judge's directive. (Id. at 2, 4.) Plaintiff also maintains the Magistrate Judge misapplied the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard and did not accept her factual allegations as true and draw all inferences in her favor, causing him to erroneously classify her allegations as conclusory. (Id. at 12, 21, 22, 23.) Further, Plaintiff contends dismissal based on delay, service of process issues, managing the docket, or vexatious conduct would be improper. (Id. at 8-11, 25.)

8

leniency afforded pro se litigants does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Ramchandani v. Sanghrajka, No. 22-11701, 2022 WL 16549470, at *1 (11th Cir. Oct. 31, 2022) (internal quotation marks and citation omitted).

Although not entirely clear, Plaintiff contends she was unaware of the risk of dismissal and that the Court should consider sanctions other than dismissal. (Doc. 57 at 2, 4.) The Magistrate Judge's May 2022 order directing Plaintiff to file an amended complaint and Plaintiff's own objection defeats these arguments. "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam). In the May 2022 Order, the Magistrate Judge gave Plaintiff an opportunity to replead her claims along with a "veritable instruction manual" on how to do so effectively, Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018), and warned her that the failure to timely comply with the order could result in dismissal of her case (Doc. 7 at 7). Moreover, in the objection, Plaintiff contradicts herself, arguing that she "timely filed her amended complaint addressing all factors that would have made it a shotgun pleading" and "amended her [c]omplaint to correct the errors pointed out by

9

the court." (Doc. 57 at 2, 4.) When Plaintiff's amended complaints failed to remedy the shotgun pleading errors, the Magistrate Judge recommended dismissal, which is an appropriate action after the Court affords a litigant one chance to cure the identified deficiencies. Sarhan, 800 F. App'x at 772. Further, Plaintiff's persistent attempts to avoid, rather than address, the defects identified by the Magistrate Judge confirm the futility of further opportunities to amend. England v. Hillsborough Cmty. Coll., 546 F. App'x 881, 885 (11th Cir. 2013) (per curiam) (holding that the district court did not abuse its discretion in dismissing a case in which the plaintiff failed to heed the court's instruction in any of several filed complaints).

District courts are empowered to " 'control [their] docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, 878 F.3d at 1295 (citing Weiland, 792 F.3d at 1320). Because Plaintiff's attempts to amend her complaint remain shotgun pleadings, Plaintiff's third amended complaint is **DISMISSED WITH PREJUDICE**. (Doc. 13.)

Finally, the Magistrate Judge offered Plaintiff an opportunity to clarify whether she sought to seal any additional material. (Doc. 56 at 9-11.) In her objection, Plaintiff did not indicate that she seeks to seal any additional material. (Doc.

57.) Thus, any further relief on that request is **DENIED**. (Doc. 29.)

## CONCLUSION

For the foregoing reasons, Plaintiff's objections (Doc. 57) are **OVERRULED**, and the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation as herein modified as the Court's opinion in this case (Doc. 56). Plaintiff's third amended complaint is **DISMISSED WITH PREJUDICE**.[5] (Doc. 13.) All other pending motions are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 17th day of January 2023.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] To the extent the amended complaint included state law claims, the dismissal is without prejudice as to refiling in state court. Vibe Micro, Inc., 878 F.3d at 1296.

11